Case 11-31331   Doc 24   Page 1 of 20

FILED
July 05, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003610750

1  AUSTIN P. NAGEL, ESQ.
   California State Bar #118247
2  GRACE E. FELDMAN, ESQ.
   California State Bar #261936
3  LAW OFFICES OF AUSTIN P. NAGEL
   111 Deerwood Road, Suite 305
4  San Ramon, California 94583
5  Telephone: (925) 855-8080
   Facsimile: (925) 855-8090
6
7  Attorneys for Secured Creditor,
   WELLS FARGO BANK, N.A.
8

9             UNITED STATES BANKRUPTCY COURT

10            EASTERN DISTRICT OF CALIFORNIA

11 In Re:                          Case No. 11-31331-E-13L
12
   KEVIN M. MACKALL and            D.C. No. DBJ-1
13 JENNIFER L. MACKALL,
                                   EXHIBITS IN SUPPORT OF SECURED
14     Debtors.                    CREDITOR, WELLS FARGO BANK,
                                   N.A.'S OPPOSITION TO DEBTORS'
15 _____/     MOTION TO VALUE COLLATERAL OF
                                   WELLS FARGO HOME MORTGAGE
16
17                                 Date: July 12, 2011
                                   Time: 2:00 p.m.
18                                 Ctrm: #33, 6th Floor,
                                         501 I Street,
19                                       Sacramento, CA
20

| EXHIBIT | TITLE/DESCRIPTION OF DOCUMENT | NO. OF PAGES |
|---------|-------------------------------|--------------|
| A       | Fixed Rate Note               | 6            |
| B       | Deed of Trust                 | 7            |
| C       | Broker's Price Opinion        | 6            |

WFBBK.1256

Wells Fargo Bank, N.A.

NOTE DATE:      05-25-2006
MATURITY DATE:  06-09-2021
ACCOUNT#:
REFERENCE #:

## FIXED RATE LOAN NOTE
(Partially Amortizing Payments -- Balloon)

**Borrower Name:**
KEVIN MACKALL And JENNIFER MACKALL

**Property Address:**
3568 SHADOWTREE LN, CHICO, CALIFORNIA 95928

**Mailing Address for billing purposes (if different):**
N/A

### SECTION 1: MY LOAN

In this Note, the words, "I," "me," "my," and "Borrower" (which also means "we," "us," "our," and "Borrowers," if more than one borrower signs below) refer to each person who signs this Note. The words "you," "your," "Lender," and "the Bank" refer to Wells Fargo Bank, N.A., and any successor or assign or subsequent holder of this Note. Each person who signs this Note is jointly and individually bound by its terms and will be directly liable to the Bank for the entire amount owed on this Note, and each is liable as the principal and not merely as a guarantor.

If I make the regularly scheduled payments on this Loan, I will still owe a large sum at maturity. This Loan is payable in full at maturity. I must repay the entire Principal balance of the Loan and unpaid interest then due. The Bank is under no obligation to refinance the Loan at that time. I will, therefore, be required to make payment out of other assets that I may own, or I will have to find a lender, which may be the lender I have this Loan with, willing to lend me the money. If I refinance this Loan at maturity, I may have to pay some or all of the closing costs normally associated with a new loan even if I obtain refinancing from the same lender.

### SECTION 2: SECURITY INTEREST

I am giving the Bank a deed of trust, mortgage or other security instrument including all modifications, addenda and amendments to them (the "Security Instrument") signed the same date as this Note. The Security Instrument gives you a security interest in the property located at the address shown above (the "Property").

### SECTION 3: MY PROMISE TO PAY

FRN Multi-state, HCWF#144v19 (01/20/06)

1/6
Documents Processed 05-25-2006, 10:34:52



EXHIBIT A

In return for a loan that I have received (the "Loan"), I promise to pay $120,000.00 (this amount is called "Principal"), plus interest, to the order of the Bank. I understand that the Bank may transfer this Note. I will make all payments under this Note in U.S. Dollars.

## PAYMENTS

I will pay monthly payments of Principal and interest on the 9TH day of each month beginning on 07-09-2006. My monthly payment will be in the amount of U.S. $843.31.

On 06-09-2021, I will pay a final balloon payment equal to the unpaid Principal plus all remaining interest, fees and other sums owed under this Note and the Security Instrument. I understand that the Bank is not under any obligation to refinance my final balloon payment.

I will make payments at the Bank's address indicated on my payment coupon or my billing statement, unless another payment method is authorized by the Bank. Each non-electronic payment I make will be accompanied by the remittance portion of my billing statement or payment coupon.

I understand that payments I make by mail to the address indicated on my billing statement or payment coupon will be credited to my Loan as of the date received (including Saturdays, Sundays, and holidays) if the Bank receives the payment prior to 5 p.m. local time for the payment address.

Payments I make from a qualified account ("Automatic Payments") pursuant to an Authorization for Automatic Transfer will be credited to my Loan on the date received (including Saturdays, Sundays, and holidays).

Payments I make at a Bank branch and received prior to established cut-off times will be credited to my Loan on the business day the payment is received by the Bank. For purposes of this rule, a business day includes any day other than Saturdays, Sundays, and Bank observed holidays. Payments made at a Bank branch received on a Saturday, Sunday, or Bank observed holiday or after established cut-off times will be credited as of the next business day.

Payments I make online, by ATM, by telephone, or by any other means the Bank may make available to me and received prior to established cut-off times will be credited to my Loan on the business day the payment is received by the Bank. For purposes of this rule, a business day includes any day other than Saturdays, Sundays, and federal holidays. Payments made online, by ATM, by telephone, or by any other means the Bank may make available to me received on a Saturday, Sunday, or federal holiday or after established cut-off times will be credited as of the next business day.

I will not make payment or authorize others to make payment for me by means of a single aggregated payment, which includes payments for this Loan and any other account(s), unless the payment is made in compliance with the Bank's requirements for multiple account payments.

The Bank may accept late payments, partial payments, post-dated checks, or any form of payment containing a restrictive endorsement, without losing any of the Bank's rights under this Note. The Bank's acceptance of checks or money orders labeled "payment in full," or words to that effect, will not constitute an accord and satisfaction nor a waiver of any rights the Bank has to receive full payment. If I intend to condition a payment, pay the Loan in full with less than the total amount owed, or give payment instructions, I will clearly set out such intention, conditions and instructions in a separate letter accompanying my payment, and mail both to Wells Fargo Bank, N.A., P.O. Box 2993, Portland, OR 97208.

## PRINCIPAL PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Principal Reduction." When I make a Principal Reduction, I will tell the Bank in a letter that I am doing so. A Principal Reduction resulting in payoff prior to the maturity of this Note may result in the assessment of a prepayment fee or an origination fee (collection deferred).

EXHIBIT A

## SECTION 4: INTEREST

I will pay interest at a simple annual interest rate of **7.525%**. Interest will be charged on the unpaid Principal until the full amount of Principal has been paid. The interest rate required by this Section 4 is the rate I will pay both before and after any default under this Note.

## SECTION 5: AUTOMATIC PAYMENT DISCOUNT

I have chosen to make Automatic Payments for my payment obligations under this Note. I have received an interest rate discount for making this choice. If the Automatic Payments are terminated for any reason by anyone, the interest rate set out in Section 4 above will <u>increase</u> by one quarter of one percentage point(s) (0.25%) on the day that the Automatic Payments are terminated. My payment will increase on the first scheduled payment due date that is at least 30 days after the day the rate increases. My new payment amount will be the amount sufficient to maintain the amortization schedule of the loan established at the time the loan was made at the new interest rate. I will receive notice of this change in interest rate and payment as applicable.

## SECTION 6: ORIGINATION FEE

N/A

## SECTION 7: CLOSING COSTS

In addition to the fees and charges set forth in this Note, I agree to pay the closing costs set forth in the HUD Settlement Statement (if any) at the settlement of my Loan.

## SECTION 8: FEES, COSTS AND CHARGES

I agree to pay the following non-refundable fees and charges.

### LATE CHARGES
If my scheduled payment is more than ten (10) days past due, I will pay a late charge equal to the greater of five dollars ($5.00) or five percent (5%) of the scheduled payment.

### PREPAYMENT FEE
I agree to pay a prepayment fee of $500.00. I agree to pay the prepayment fee if I prepay this Note in full at any time within the first three (3) years after the date of this Note. I do not have to pay the prepayment fee if I prepay my Loan in full because of default due to non-payment, casualty loss, or if I refinance my Loan with you or your affiliate.

## SECTION 9: OTHER CHARGES

To the extent allowed by law, I agree to pay the following fees if I request or authorize these additional services:

(a) <u>Fax Fee</u>: I agree to pay a fax fee in the amount of ten dollars ($10.00) if I request or authorize others to request the Bank to transmit any document or letter by facsimile (fax) machine.
(b) <u>Research/Photocopy Fee</u>: I agree to pay a research/photocopy fee in the amount of five dollars ($5.00) per photocopy if I request or authorize others to request the Bank to provide photocopies of Loan documents.
(c) <u>Reconveyance or Satisfaction Fee</u>: I agree to pay reconveyance and satisfaction fees as allowed by applicable law when the Bank reconveys/discharges/releases the Security Instrument.
(d) <u>Return Check Fee</u>: I agree to pay a return check fee of twenty-five dollars ($25.00) if I make a payment with a check that is dishonored for any reason.

FRN Multi-state, HCWF#144v19 (01/20/06)　　　　　　　　　　　　　　　　　　　　　　　　　　　　3/6
Documents Processed 05-25-2006, 10:34:52


EXHIBIT A

I also agree to pay any other reasonable fees the Bank may charge.

## SECTION 10: COLLECTION COSTS AND ATTORNEY'S FEES

If I am in default, I agree to pay the Bank's collection costs, attorneys' fees and other expenses of enforcing the Bank's rights under this Note and the Security Instrument unless prohibited by applicable law.

## SECTION 11: TAX DEDUCTIBILITY

I understand that I should consult a tax advisor regarding the deductibility of interest and charges under my Loan.

## SECTION 12: DEFAULT

I will be in default if any one of the following occur:

- I fail to pay the full amount of any payment when due.
- I commit fraud or make a material misrepresentation in connection with this Note.
- A case under the U.S. Bankruptcy Code is started by or against me.
- Any action or inaction by me adversely affects the Bank's security in the Property, including, without limitation, transfer of the Property without the Bank's consent.
- The Bank believes in good faith that I may not be able or willing to pay as promised.
- Any person who has signed this Note dies.
- If I am an executive officer of the Bank and federal law governing credit extended by a bank to its executive officer, including without limitation Section 215.5(d)(4) of Federal Reserve Regulation O (12 CFR § 215.5(d)(4)), permits or requires immediate payment of all outstanding Principal, interest and any other charges that I may owe under this Note.

If I am in default, subject to any notice and right to cure required by applicable law, the Bank may require me to pay immediately all sums I owe under this Note. Even if, at the time when I am in default, the Bank does not require me to pay immediately in full as described above, the Bank will still have the right to do so if I am in default at a later time.

## SECTION 13: FURTHER ASSURANCES

I agree that I will take any steps including but not limited to signing, filing or recording any documents which are necessary, or which the Bank deems appropriate, to be sure that my obligations to the Bank under this Note become and continue to be secured by the Security Instrument.

## SECTION 14: CHANGE IN RESIDENCE OR OWNERSHIP OF THE PROPERTY

I agree to notify the Bank immediately if (a) the Property is my primary residence and I cease to live in the Property as my primary residence, or (b) there is any change in the ownership of the Property. I agree that my Loan will be accelerated and the outstanding balance of my Loan will be due and payable immediately on any sale or other transfer of the Property. In this regard, I understand that the Security Instrument contains the following or a substantially similar provision:

> Upon sale, transfer, hypothecation, assignment or encumbrance, whether voluntary, involuntary, or by operation of law, of all or any part of the Property or any interest therein, then at its sole option, the Bank may, by written notice to Trustor (or Grantor or Mortgagor), declare all obligations secured hereby immediately due and payable, except to the extent that such acceleration and in such particular circumstances where exercise of such a right by the Bank is prohibited by law.

## SECTION 15: WAIVERS

FRN Multi-state, HCWF#144v19 (01/20/06)　　　　　　　　　　　　　　　　　　　　　　　　　　　4/6

Documents Processed 05-25-2006, 10:34:52



### BORROWER'S WAIVERS

I waive my rights to require the Bank to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Bank if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, waives these rights. These persons are known as "guarantors, sureties and endorsers."

### BANK'S NON-WAIVER

The Bank may fail to make use of any of its rights under this Note or the Security Instrument or under applicable law on one or more occasions, or delay or partially exercise such rights, without waiving any of its rights or amending any of my obligations. The Bank may fail to make use of any of its rights or delay or partially exercise such rights against one party, without waiving any of its rights against any other party to this Note.

## SECTION 16: CREDIT REPORTS

My signature on this Note authorizes the Bank to obtain my credit report in connection with (a) renewing, modifying or extending this Note; (b) reviewing my Loan; (c) taking any collection action; and (d) any other legitimate purposes associated with my Loan.

## SECTION 17: GOVERNING LAW; SEVERABILITY

All interest, fees and other amounts charged or accruing in connection with this Note, which are considered "interest" within the meaning of Section 85 of the National Bank Act (12 USC § 85; 12 CFR 7.4001(a)), shall be governed by and interpreted under South Dakota law. In all other respects, this Note and all related documents, as well as the rights, remedies, and duties of the Bank and the Borrower(s), shall be governed and interpreted by federal law with respect to national banks and to the extent not preempted by federal law, the laws of the state in which the Property is located.

If any provision of this Note or the Security Instrument is determined to be invalid or unenforceable by a court of competent jurisdiction, the rest of this Note will remain in full force and effect and enforceable according to its terms. All references in this Note to the singular shall include the plural and vice versa.

## SECTION 18: NOTICES

Unless applicable law requires a different method, any notice that must be given to me or to anyone else who signs, guarantees or endorses this Note may be given by mailing it to my address as set forth above in this Note, or to a different address if I have properly notified the Bank of that different address. Any notice that I may send to the Bank must be given by mailing it to the Bank at the address provided on my billing statement or payment coupon, unless the type of notice is more specifically addressed in this Note and a different address is provided herein.

I agree that the Bank may contact me by telephone. I agree to accept calls from the Bank at any telephone number that I provide to the Bank.

## SECTION 19: ADDENDA

I agree to the following attached addenda:

N/A

## SECTION 20: STATE DISCLOSURES

N/A

FRN Multi-state, HCWF#144v19 (01/20/06)  5/6

Documents Processed 05-25-2006, 10:34:52



EXHIBIT A

NOTICE TO THE BORROWER:
DO NOT SIGN THIS NOTE IF IT CONTAINS BLANK SPACES. ALL SPACES SHOULD BE COMPLETED BEFORE THIS NOTE IS SIGNED. READ THIS NOTE BEFORE SIGNING IT.

ACKNOWLEDGMENT

I have received, read and retained a copy of this Fixed Rate Loan Note, the Security Instrument and the Truth-in-Lending Disclosure Statement, provided to me at the closing, all of which I agree to by signing this Fixed Rate Loan Note. If this Loan is secured by a dwelling, I have also received, read and retained a copy of the Agreement to Provide Insurance and the HUD Settlement Statement provided to me at the closing. In addition, I hereby agree that the terms of this Fixed Rate Loan Note replace the terms of any and all prior oral or written agreements, including by way of example only, commitment letters and pre-approval letters between the Bank and me.

_____ (Seal)    5/25/06
BORROWER                                 DATE SIGNED
KEVIN MACKALL

_____ (Seal)    5-25-06
BORROWER                                 DATE SIGNED
JENNIFER MACKALL

_____ (Seal)    _____
BORROWER                                 DATE SIGNED

_____ (Seal)    _____
BORROWER                                 DATE SIGNED

_____ (Seal)    _____
BORROWER                                 DATE SIGNED

_____ (Seal)    _____
BORROWER                                 DATE SIGNED

_____ (Seal)    _____
BORROWER                                 DATE SIGNED

_____ (Seal)    _____
BORROWER                                 DATE SIGNED

FRN Multi-state, HCWF#144v19 (01/20/06)                                 6/6
                                    Documents Processed 05-25-2006, 10:34:52



RECORDING REQUESTED
BY: MID VALLEY TITLE

3

2006-0027768

| Recorded | REC FEE | 25.00
Official Records |
County of |
Butte |
CANDACE J. GRUBBS |
County Clerk-Recorder|
| LV
02:00PM 31-May-2006 | Page 1 of 7

Recording requested by:
Wells Fargo Bank, N.A.

When recorded return to:
Wells Fargo Bank, N.A.
Attn: Document Mgt.
P.O. Box 31557
MAC B6908-012
Billings MT 59107-9900

2345358 DMP
Chico

——————State of California——————
REFERENCE #:

——Space Above This Line For Recording Data——
Account number:

7e

# SHORT FORM DEED OF TRUST
(With Future Advance Clause)

1. **DATE AND PARTIES.** The date of this Short Form Deed of Trust ("Security Instrument") is **MAY 25, 2006** and the parties are as follows:

   TRUSTOR ("Grantor"):  **KEVIN MACKALL AND JENNIFER MACKALL, HUSBAND AND WIFE AS COMMUNITY PROPERTY WITH RIGHT OF SURVIVORSHIP**

   whose address is: **3568 SHADOWTREE LN, CHICO, CALIFORNIA 95928**

   TRUSTEE:  American Securities Company, P.O. Box 31557, Billings, MT 59107

   BENEFICIARY ("Lender"):  Wells Fargo Bank, N.A., 101 North Phillips Avenue, Sioux Falls, SD 57104

2. **CONVEYANCE.** For good and valuable consideration, the receipt and sufficiency of which is acknowledged, and to secure the Secured Debt (defined below) and Grantor's performance under this Security Instrument, Grantor irrevocably grants, conveys and sells to Trustee, in trust for the benefit of Lender, with power of sale, all of that certain real property located in the County of **BUTTE**, State of California, described as follows:
   *see legal description attached*

   with the address of **3568 SHADOWTREE LN, CHICO, CALIFORNIA 95928** and parcel number of **018-130-030-000** together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, all water and riparian rights, ditches, and water stock and all existing and future improvements, structures, fixtures, and replacements that may now, or at any time in the future, be part of the real estate described above.

3. **MAXIMUM OBLIGATION LIMIT AND SECURED DEBT.** The total amount which this Security Instrument will secure shall not exceed **$ 120,000.00** together with all interest thereby accruing, as set forth in the promissory note, revolving line of credit agreement, contract, guaranty or other evidence of debt ("Secured Debt") of even date herewith, and all amendments, extensions, modifications, renewals or other documents which are incorporated by reference into this Security Instrument, now or in the future. The maturity date of the Secured Debt is **JUNE 9, 2021**.

4. **FICTITIOUS DEED OF TRUST.** By the delivery and execution of this Security Instrument, Grantor agrees that all provisions and sections of the Fictitious Deed of Trust, inclusive, dated **February 1, 1997**, and recorded on **February 6, 1997** as Instrument Number **97-004488** in Book **N/A** at Page **N/A** of the Official Records in the Office of the Recorder of **BUTTE** County, State of California, are hereby incorporated into, and shall govern, this Security Instrument.

CADeed - short CDP.V2 (06/2005)

1/3

Documents Processed 05-25-2006, 10:34:52

EXHIBIT B

5. **RIDERS.** If checked, the following are applicable to this Security Instrument. The covenants and agreements of each of the riders checked below are incorporated into and supplement and amend the terms of this Security Instrument.

   [N/A] Third Party Rider

   [N/A] Leasehold Rider

   [N/A] Other: N/A

**SIGNATURES:** By signing below, Grantor agrees to perform all covenants and duties as set forth in this Security Instrument. Grantor also acknowledges receipt of a copy of this document and a copy of the provisions contained in the previously recorded Fictitious Deed of Trust (the Deed of Trust-Bank/Customer Copy). The undersigned Grantor requests that a copy of ANY NOTICE OF DEFAULT AND ANY NOTICE OF SALE hereunder be mailed to the Grantor's address given herein.

_X (signature)_   5/25/06
Grantor, KEVIN MACKALL                                                Date

_X (signature)_   5-25-06
Grantor  JENNIFER MACKALL                                             Date

_____
Grantor                                                               Date

_____
Grantor                                                               Date

_____
Grantor                                                               Date

_____
Grantor                                                               Date

_____
Grantor                                                               Date

_____
Grantor                                                               Date

CADeed - short CDP.V2 (06/2005)                                       2/3

Documents Processed 05-25-2006, 10:34:52


EXHIBIT B

## ACKNOWLEDGMENT:

STATE OF CALIFORNIA,
COUNTY OF BUTTE

On  5-25  20 06, before me,  DENISE M. PRICE, Notary Public  ,
(here insert name and title of the officer)

personally appeared **KEVIN MACKALL And JENNIFER MACKALL**

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.
Signature _____                                       (Seal)



DENISE M. PRICE
COMM. # 1633479
NOTARY PUBLIC-CALIFORNIA
COUNTY OF BUTTE
Comm. Expires Jan. 24, 2010

CADeed - short CDP.V2 (06/2005)

3/3
Documents Processed 05-25-2006, 10:34:52

EXHIBIT B

Order Number: 0401-2345358

# LEGAL DESCRIPTION

Real property in the City of Chico, County of Butte, State of California, described as follows:

PARCEL I:

LOT 30, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "ROLLING HILLS AT CANYON OAKS SUBDIVISION, PHASE III", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON JUNE 5, 2002, IN BOOK 154 OF MAPS, AT PAGE(S) 24, 25, 26, 27, 28, 29, 30 AND 31.

PARCEL II:

AN EASEMENT FOR STORM DRAIN, UTILITIES, SEWAGE AND STORM DRAIN FLOWAGE OVER LOT 10, AS SHOWN ON THAT CERTAIN PARCEL MAP, RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON SEPTEMBER 4, 1987, IN BOOK 107 OF MAPS, AT PAGE(S) 87 AND 88.

PARCEL III:

AN EASEMENT FOR STORM DRAINS, UTILITIES, SEWER LINES, MANHOLES, LIFT STATIONS AND RELATED IMPROVEMENTS, PLUS THE RIGHT TO THE SURFACE OF THE PROPERTY FOR WATER DRAINAGE PURPOSES OVER PARCEL 10, AS SHOWN ON THAT CERTAIN PARCEL MAP, WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON SEPTEMBER 4, 1987, IN BOOK 107 OF MAPS, AT PAGE(S) 87 AND 88.

PARCEL IV:

EASEMENTS FOR ACCESS PURPOSES OVER THE FOLLOWING 4 PARCELS:

PARCEL 1:

COMMENCING AT THE INTERSECTION OF PARCELS 1, 3 AND 10, AS SHOWN ON THAT CERTAIN PARCEL MAP, RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON SEPTEMBER 4, 1987, IN BOOK 107 OF MAPS, AT PAGE(S) 87 AND 88; THENCE NORTH 57 59' 41" WEST ALONG THE BOUNDARY COMMON TO SAID PARCELS 1 AND 10, A DISTANCE OF 120.00 FEET; THENCE CONTINUING ALONG SAID BOUNDARY SOUTH 88 34' 04" WEST, A DISTANCE OF 114.57 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID BOUNDARY SOUTH 88 34' 04" WEST, A DISTANCE OF 285.56 FEET; THENCE CONTINUING ALONG SAID BOUNDARY SOUTH 69 37' 25" WEST, A DISTANCE OF 100.00 FEET; THENCE LEAVING SAID BOUNDARY, SOUTH 44 28' 17" EAST, A DISTANCE OF 876.09 FEET, TO A POINT ON THE BOUNDARY COMMON TO PARCELS 2 AND 10, AS SHOWN ON THE AFOREMENTIONED MAP; THENCE SOUTH 75 57' 50" EAST, ALONG SAID BOUNDARY COMMON TO PARCELS 2 AND 10, A DISTANCE OF 164.92 FEET; THENCE CONTINUING ALONG SAID BOUNDARY NORTH 75 57' 50" EAST, A DISTANCE OF 248.03 FEET; THENCE LEAVING SAID BOUNDARY NORTH 44 28' 17" WEST, A DISTANCE OF 906.64 FEET TO THE TRUE POINT OF BEGINNING.

EXCEPTING THEREFROM THAT PORTION LYING WITHIN LOT 40 OF PHASE I CANYON OAKS SUBDIVISION.

PARCEL 2:

*Mid Valley Title & Escrow Company*

EXHIBIT B

Order Number: 0401-2345358

COMMENCING AT THE INTERSECTION OF PARCELS 2, 4 AND 10, AS SHOWN ON THE AFOREMENTIONED MAP; THENCE NORTH 66 17' 50" EAST ALONG THE BOUNDARY COMMON TO SAID PARCELS 4 AND 10, A DISTANCE OF 104.54 FEET; THENCE CONTINUING ALONG SAID BOUNDARY NORTH 72 53' 50" EAST, A DISTANCE OF 605.07 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID BOUNDARY NORTH 72 53' 50" EAST, A DISTANCE OF 75.00 FEET; THENCE CONTINUING ALONG SAID BOUNDARY NORTH 80 05' 45" EAST, A DISTANCE OF 25.62 FEET; THENCE LEAVING SAID BOUNDARY NORTH 68 48' 42" EAST, A DISTANCE OF 605.06 FEET; THENCE NORTH 21 11' 18" WEST, A DISTANCE OF 210.00 FEET; THENCE SOUTH 68 48' 42" WEST, A DISTANCE OF 704.99 FEET; THENCE SOUTH 21 11' 18" EAST, A DISTANCE OF 199.64 FEET TO THE TRUE POINT OF BEGINNING.

PARCEL 3:

COMMENCING AT THE INTERSECTION OF PARCELS 4, 5 AND 10, AS SHOWN ON THE AFOREMENTIONED MAP; THENCE NORTH 88 05' 12" WEST ALONG THE BOUNDARY COMMON TO SAID PARCELS 4 AND 10, A DISTANCE OF 634.30 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID BOUNDARY COMMON TO PARCELS 4 AND 10 NORTH 21 35' 43" WEST, A DISTANCE OF 154.87 FEET; THENCE LEAVING SAID BOUNDARY NORTH 60 56' 22" EAST, A DISTANCE OF 347.61 FEET TO A POINT ON THE BOUNDARY COMMON TO PARCELS 3 AND 10, AS SHOWN ON THE AFOREMENTIONED MAP; THENCE ALONG SAID BOUNDARY COMMON TO PARCELS 3 AND 10, SOUTH 11 35' 32" EAST, A DISTANCE OF 80.49 FEET; THENCE CONTINUING ALONG SAID BOUNDARY SOUTH 67 37' 12" EAST, A DISTANCE OF 98.19 FEET; THENCE LEAVING SAID BOUNDARY COMMON TO PARCELS 3 AND 10, SOUTH 60 56' 22" WEST, A DISTANCE OF 404.77 FEET TO A POINT ON THE BOUNDARY COMMON TO PARCELS 4 AND 10, SAID POINT BEING THE TRUE POINT OF BEGINNING.

PARCEL 4:

COMMENCING AT THE INTERSECTION OF PARCELS 3, 7, 8 AND 10, AS SHOWN ON THE AFOREMENTIONED MAP; THENCE SOUTH 28 44' 23" EAST ALONG THE BOUNDARY COMMON TO SAID PARCELS 8 AND 10, A DISTANCE OF 707.11 FEET; THENCE CONTINUING ALONG SAID BOUNDARY SOUTH 56 18' 36" EAST, A DISTANCE OF 272.68 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID BOUNDARY SOUTH 56 18' 36" EAST, A DISTANCE OF 224.21 FEET; THENCE LEAVING SAID BOUNDARY COMMON TO PARCELS 8 AND 10 SOUTH 6 49' 02" WEST, A DISTANCE OF 428.92 FEET TO A POINT ON THE BOUNDARY COMMON TO PARCELS 5 AND 10, AS SHOWN ON THE AFOREMENTIONED MAP; THENCE ALONG SAID BOUNDARY COMMON TO PARCELS 5 AND 10 NORTH 79 33' 45" WEST, A DISTANCE OF 200.40 FEET; THENCE LEAVING SAID BOUNDARY COMMON TO PARCELS 5 AND 10 NORTH 6 49' 02" EAST, A DISTANCE OF 517.61 FEET TO A POINT ON THE BOUNDARY COMMON TO PARCELS 8 AND 10, SAID POINT BEING THE TRUE POINT OF BEGINNING.

PARCEL V:

A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS, BOTH PEDESTRIAN AND VEHICULAR USE, SUPPORT AND ENJOYMENT THROUGH, OVER, UNDER, ACROSS AND ON LOT A, THE COMMON AREA, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "PHASE I CANYON OAKS SUBDIVISION", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON NOVEMBER 16, 1989, IN BOOK 116 OF MAPS, AT PAGE(S) 83, 84, 85, 86, 87 AND 88.

PARCEL VI:

ALL OVERLAND SURFACE FLOWAGE EASEMENTS, ACROSS ALL LOTS FOR THE BENEFIT OF ALL

*Mid Valley Title & Escrow Company*

EXHIBIT B

ADJOINERS DIRECTLY UPHILL; STORM DRAIN EASEMENTS FOR THE BENEFIT OF ALL ADJOINERS WHERE SHOWN HEREON; MEANDERING DRAINAGE EASEMENTS ALONG ALL EXISTING DRAINAGES FOR THE BENEFIT OF ALL ADJOINERS; AND SEWAGE EASEMENTS FOR THE BENEFIT OF ALL PROPERTY OWNERS IN PHASE I AND ALL FUTURE CONNECTIONS UPSTREAM OF SAID PHASE I, AS SAID EASEMENTS ARE SHOWN ON THAT CERTAIN MAP ENTITLED, "PHASE I CANYON OAKS SUBDIVISION", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON NOVEMBER 16, 1989, IN BOOK 116 OF MAPS, AT PAGE(S) 83 THRU 88.

THE ABOVE MAP WAS AMENDED ON APRIL 29, 1991, IN BOOK 122 OF MAPS, AT PAGE(S) 46, BUTTE COUNTY RECORDS.

CERTIFICATE OF CORRECTION RECORDED JUNE 13, 1991, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 91-23645.

EXCEPTING THEREFROM ALL THAT PORTION LYING WITHIN THE BOUNDS OF PARCEL I, DESCRIBED HEREIN.

PARCEL VII:

EASEMENTS FOR PEDESTRIAN AND BICYCLES AND ROADWAY DRAINAGE EASEMENTS AS SAID EASEMENTS ARE SHOWN ON THAT CERTAIN MAP ENTITLED, "PHASE I CANYON OAKS SUBDIVISION", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON NOVEMBER 16, 1989, IN BOOK 116 OF MAPS, AT PAGE(S) 83 THRU 88.

THE ABOVE MAP WAS AMENDED ON APRIL 29, 1991, IN BOOK 122 OF MAPS, AT PAGE(S) 46, BUTTE COUNTY RECORDS.

CERTIFICATE OF CORRECTION RECORDED JUNE 13, 1991, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 91-23645.

EXCEPTING THEREFROM ALL THAT PORTION LYING WITHIN THE BOUNDS OF PARCEL I, DESCRIBED HEREIN.

PARCEL VIII:

A NON-EXCLUSIVE PRIVATE ROADWAY EASEMENT FOR INGRESS AND EGRESS OVER LOT A, AND A PERMANENT OPEN SPACE AND CONSERVATION EASEMENT ALL FOR USE AND ENJOYMENT OVER LOTS B, C, D, E AND G, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "ROLLING HILLS AT CANYON OAKS SUBDIVISION, PHASE III", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON JUNE 5, 2002, IN BOOK 154 OF MAPS, AT PAGE(S) 24, 25, 26, 27, 28, 29, 30 AND 31.

PARCEL IX:

ALL OVERLAND SURFACE FLOWAGE EASEMENTS ACROSS ALL LOTS FOR THE BENEFIT OF ALL ADJOINERS DIRECTLY UPHILL; STORM DRAIN EASEMENTS FOR THE BENEFIT OF ALL ADJOINERS WHERE SHOWN HEREON; SANITARY SEWER EASEMENTS FOR THE BENEFIT OF ALL ADJOINERS WHERE SHOWN HEREON; ACCESS EASEMENTS FOR THE BENEFIT OF ALL ADJOINERS WHERE SHOWN HEREON; MEANDERING DRAINAGE EASEMENTS ALONG ALL EXISTING DRAINAGES FOR THE BENEFIT OF ALL PROPERTY OWNERS IN THE "ROLLING HILLS AT CANYON OAKS SUBDIVISION, PHASE III", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON JUNE 5, 2002, IN

Order Number: **0401-2345358**

BOOK 154 OF MAPS, AT PAGE(S) 24, 25, 26, 27, 28, 29, 30 AND 31.

PARCEL X:

AN EASEMENT FOR INGRESS AND EGRESS ON ALL AREAS SHOWN AS P.U.E. FOR MAINTENANCE OF CURBS, DRAINAGE CHANNELS, CULVERTS, ROADWAY SHOULDERS, SLOPES AND PATHWAYS, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "ROLLING HILLS AT CANYON OAKS SUBDIVISION, PHASE III", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON JUNE 5, 2002, IN BOOK 154 OF MAPS, AT PAGE(S) 24, 25, 26, 27, 28, 29, 30 AND 31.

APN: 018-130-030-000

*Mid Valley Title & Escrow Company*

EXHIBIT B

# BROKER PRICE OPINION

| Date Ordered | 05/13/2011 | Address | 3568 Shadowtree Ln | Order # | WFB5-13 5.20 |
|---|---|---|---|---|---|
| Inspection | Exterior | City | Chico | Cost Center | |
| Loan # | 172839257 | County, State | Butte, CA | Ordered By | Alicia Thomas |
| 2nd Loan # | | Zip | 95928 | Inspection Date | 05/16/2011 |
| Borrower | Kevin Mackall | Parcel # | | Completed | 05/17/2011 |

## Subject Property

| | MLS # | Agent Name | Agent Phone | DOM | List $ | Sale $ | Sale/Exp Date |
|---|---|---|---|---|---|---|---|
| Currently Listed | | | -- | | | | |
| Prev Listed | | | -- | | | | |
| Prev Sold | | | -- | | | | |

## Subject Detail

| Property Type | Style | Cond | Sq Ft | Bsmt | Total Rms | Bd | Bth | Gar | Lot | Age | Pool | Spa | Occupied | Occupied By | Construction |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Single Family | Conte | Good | 2283 | None | 7 | 3 | 2 | 2 | .21 | 7 | N | N | Occ | Own | Frame |

| Subj Condition | Subject appears well kept with good curb appeal. No signs of deferred maintenance. |
|---|---|

## Comparable Sales

| Address | Style | Cond | Sq Ft | Bsmt | Total Rms | Bd | Bth | Gar | Lot | Age | Pool | Spa | DOM | List $ | Sale $ | Sale Date | Dist |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 78 Chicory Rd | Ranch | Good | 2355 | None | 8 | 4 | 3 | 3 | .51 | 7 | N | N | 463 | $424,900 | $405,000 | 04/08/11 | 1.7 |
| 854 Coit Tower Wy | Conte | Good | 1927 | None | 8 | 4 | 3 | 2 | .19 | 10 | N | N | 110 | $364,900 | $350,000 | 11/18/10 | 2.4 |
| 2273 Blooimngton Ave | Ranch | Good | 1931 | None | 7 | 3 | 2 | 2 | .21 | 10 | N | N | 179 | $345,900 | $346,000 | 04/29/11 | 2.5 |

| Comp 1 | Equal. similar square footage but greater lot size and bedroom count. location not a good as subject.$1,950 of concessions. |
|---|---|
| Comp 2 | Inferior due to square footage. no concessions listed. |
| Comp 3 | inferior due to square footage. $3,000 of seller concessions listed. |

## Comparable Listings

| Address | Style | Cond | Sq Ft | Bsmt | Total Rms | Bd | Bth | Gar | Lot | Age | Pool | Spa | DOM | Original List $ | Current List $ | List Date | Dist |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3282 Summit Ridge Terr | Contemp | Good | 2643 | None | 8 | 3 | 2 | 2 | .22 | 4 | N | N | 14 | $449,000 | $449,000 | 04/29/11 | 0.7 |
| 2625 Amanecida Cmn | Ranch | Good | 2103 | None | 7 | 3 | 2 | 2 | .14 | 19 | N | N | 69 | $429,000 | $429,000 | 03/07/11 | 2.2 |
| 3181 Via Casita Pl | Conte | Good | 2083 | None | 7 | 3 | 2 | 2 | .21 | 10 | Y | N | 192 | $460,000 | $385,000 | 07/25/10 | 1.4 |

| Comp 1 | Equal. greater square footage but smaller lot and location not a good. no concessions listed. |
|---|---|
| Comp 2 | Inferior due to square footage and location. no concessions listed. |
| Comp 3 | Inferior due to square footage. no concessions listed. |

## Market Conditions

| Neighborhood Density | | Rural | | Surburban | X | Urban | |
|---|---|---|---|---|---|---|---|
| Neighborhood Values | | Increasing | | Decreasing | X | Stable | |
| Local Economy | | Strong | | Depressed | X | Stable | |
| Housing Supply | | Shortage | | Surplus | | In Balance | X |
| Competing New Construction | | Yes | | No | X | | |
| Neighborhood Value Range | High | $569,000 | Low | $329,000 | | Normal Marketing Time | X |
| Comment on Supply for Market | Supply appears consistent. | | | | | | |
| Comment on Demand for Market | Demand continues to be low especially in this pricerange. | | | | | | |

## Subject Marketability

| Describe Subject Neighborhood | Neighborhood is well kept. pride of ownership is high. |
|---|---|
| Overall Cond Compared to Nbhd | Condition appears to be consistent with homes on the street and in the area. |
| Positive Features | Larger, contemporary design. |
| Negative Features | Schools and shopping are over 1 mile away. |
| Exterior Repairs/Clean-up | None noted. | | Est. Repair Cost | |
| HOA | N | HOA Name | | HOA Phone | -- | HOA Dues | | Monthly | | Annually | |

## Estimated Value

| | Suggested List Price | Projected Sales Price | Avg Mktg Time |
|---|---|---|---|
| Quick Sale | $415,000 | $385,000 | 30 |
| As Is Value | $425,000 | $399,000 | 100 |
| Repaired Value | $425,000 | $399,000 | |

| Comments | Subject shows well, but sales are slow in this price range. Aggressive pricing will attract buyer attention. |
|---|---|

## Agent Information

| Prepared By | Anthony Griego | Office / Address | West Coast Realty Group 555 East Ave Chico, CA 95926 | | | | |
|---|---|---|---|---|---|---|---|
| Phone | 530-230-4943 | Fax | 530-230-4943 | Email | anthony@lovelychicohomes.com | Yr Exp | 6 | Inspect Date | 05/16/2011 |

Goodman Dean Corporate Real Estate Services
10833 Valley View, Suite 500, Cypress, CA 90630 - 714 229-8999 - Fax 714-229-9143 - E-Mail bpo@goodmandean.com



EXHIBIT C

SUBJECT EXTERIOR PHOTOS

| Loan #: 172839257 |
| --- |
| 2nd Loan #: |
| Address: 3568 Shadowtree Ln |



Front View



Side View



Street View



EXHIBIT C

SUBJECT EXTERIOR PHOTOS

Loan #: 172839257

2nd Loan #:

Address: 3568 Shadowtree Ln



Address Verification



**COMP SALE PHOTOS**

| Loan #: 172839257 |
| 2nd Loan #: |
| Address: 3568 Shadowtree Ln |



Comp Sale #1



Comp Sale #2



Comp Sale #3



EXHIBIT C

**COMP LISTING PHOTOS**

Loan #: 172839257

2nd Loan #:

Address: 3568 Shadowtree Ln



Comp Listing #1



Comp Listing #2



Comp Listing #3



EXHIBIT C

## PROPERTY MAP

| | |
|---|---|
| Loan #: | 172839257 |
| 2nd Loan #: | WFB5-13 5.20 |
| Address: | 3568 Shadowtree Ln |



| | Comp Sale |
|---|---|
| 1 | 78 Chicory Rd |
| 2 | 854 Coit Tower Wy |
| 3 | 2273 Blooimngton Ave |

| | Comp Listing |
|---|---|
| 4 | 3282 Summit Ridge Terr |
| 5 | 2625 Amanecida Cmn |
| 6 | 3181 Via Casita Pl |

Goodman Dean Corporate Real Estate Services
10833 Valley View, Suite 500, Cypress, CA 90630 - 714 229-8999 - Fax 714-229-9143 - E-Mail bpo@goodmandean.com



EXHIBIT C